UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HENRY A. KORSZUN, ET AL.<br>    Plaintiffs | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO.<br>3:00-cv-327 |
| PUBLIC TECHNOLOGIES<br>MULTIMEDIA, INC., ET AL.<br>    Defendants | : <br> : <br> : <br> : | <br><br><br>FEBRUARY 9, 2004 |

**RULING ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES**
**[Dkt. No. 95]**

Defendants, Public Technologies Multimedia, Inc., J.C. Penney Company, Inc., Mattel, Inc., Broderbund Software, Inc., and Land's End, Inc. (collectively "defendants"), who prevailed on summary judgment in a patent infringement action brought by Henry A. Korszun, Wojtek W. Borowski and Compucloz Corporation (collectively "plaintiffs"), move for attorneys' fees pursuant to 35 U.S.C. § 285 and Fed. R. Civ. P. 54(d)(2). For the following reasons, the motion for attorneys' fees is denied.

**I.     BACKGROUND**

This case is a dispute over U.S. Patent No. 5,680,528 (issued Oct. 21, 1997)("Korszun patent"). The patent covers Korszun's "digital dressing room," a computer program that allows a user to input his or her own body measurements and view a computer image of a body of corresponding shape and proportions wearing a particular garment.

In the complaint, plaintiffs alleged that the defendants' product, "My Virtual Model," infringed this patent, both literally and under the doctrine of equivalents. The MVM system allows online garment retailers to demonstrate to their customers an approximation of the way a customer might look in a particular garment. The process begins with the creation of a model body population. MVM artists create the body population based on the preferences of a specific retail client using MVM's Virtual Body Studio. Using the Virtual Body Studio, a three-dimensional modeling software, artists create a population of virtual bodies, manipulating approximately 100 parameters on the three-dimensional model.

In its Ruling of June 10, 2003, this court found that there were no issues of material fact regarding the plaintiffs' claim, and granted summary judgment of non-infringement to the defendants. The court found that there was no literal infringement, and that the plaintiffs were estopped by the patent's prosecution history from claiming infringement under the doctrine of equivalents.

## II.   DISCUSSION

Section 285 of the Title 35 of the United States Code provides that, in patent disputes, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The purpose of the section is "to provide discretion where it would be grossly unjust that a winner be left to bear the burden of his own counsel which prevailing

litigants normally bear." Badalamenti v. Dunham's, Inc., 896 F.2d 1359, 1364 (Fed. Cir. 1990) (internal citations omitted) (emphasis in original).  Section 285 is meant to apply to "exceptional cases." Superior Fireplace Co. v. Majestic Prod. Co., 270 F.3d 1358, 1378 (Fed. Cir. 2001).  Whether a case is exceptional is a question of fact, Badalamenti, 896 F.2d at 1365, and the district court is to exercise its sound discretion in determining whether a patent suit is "sufficiently exceptional to vitiate the normal rule that each party bears his own attorney's fees." Kahn v. Dynamics Corp. of Am., 508 F.2d 939, 945 (2d Cir. 1974).  "Findings of exceptional case have been based on a variety of factors; for example, willful or intentional infringement, inequitable conduct ..., vexatious or unjustified litigation, or other misfeasant behavior." Superior Fireplace Co., 270 F.3d at 1377 (quoting Multiform Desiccants, Inc. v. Medzam, Ltd., 133 F.3d 1473, 1481-82, 45 USPQ2d 1429, 1436 (Fed. Cir. 1998)).

When considering an award of attorneys fees, the trial judge makes a two-step inquiry of whether there is clear and convincing evidence that the case is "exceptional," and if so, whether an award of attorneys fees to the prevailing party is warranted. Interspiro USA, Inc., v. Figgie Intern., Inc., 18 F.3d 927, 934 (Fed. Cir. 1994).  Such a motion will be denied absent evidence of fraud, bad faith, gross negligence, or unclean hands in the prosecution of the subject patent. Burndy Corp. v. Kearney-National, Inc., 466 F. Supp. 80, 92 (S.D.N.Y. 1979).  The district court must provide some indication of the reasoning

underlying its decision to provide a basis for meaningful appellate review. <u>Superior Fireplace Co.</u>, 270 F.3d at 1377.

Defendants allege generally that the litigation was "frivolous and vexatious," and more specifically, that the plaintiffs' case was timed to thwart business relations between Public Technologies and Lands' End. They point to the report of Dr. Frederick Sayward, which the defendants allege obscured plaintiffs' infringement theories and failed to meet certain standards for analyzing infringement, and to changes in the plaintiffs' litigation strategy after this court issued its <u>Markman</u> ruling.

Though the court, after much discovery and serious consideration of the patent and products at issue, granted summary judgment for the defendants, the plaintiffs' claims were not "baseless" so as to entitle defendants to attorney's fees. Both products generate what can be roughly described as a virtual fitting, so that a customer can see what he or she might look like in a given garment. The key differences between the products, as found in the court's summary judgment ruling, are in the process by which the programs create that fitting. For instance, Korszun's patent provides for the input into the process of source data comprising a "model image layer having a human shape and comprising at least one predetermined body measurement." The two-dimensional texture bitmaps in the MVM system, on the other hand, are a series of two-dimensional images that, when put together, represent the flattened-out surface area of a human form and do not have a human shape,

either alone or together, or a predetermined body measurement; instead, "the MVM process first constructs a three-dimensional wireframe body, then measures it to determine the shape and size of the texture bitmap." Ruling on Defs' Mot. for Summ. J. at 16-20. As the plaintiffs point out in their opposition, these particularities were made available only well after this suit was instituted. See Pls.' Mem. In Opp To Defs.' Mot. For Award Of Atty's Fees at 2 [Dkt. No. 99]; Decl. Of Stephen McNamera at 1 [Dkt. No. 101].

Nor were the plaintiffs' theories of infringement as fluid and "shifting" as the defendants' memorandum suggests. See Pls.' Surreply at 3-4 [Dkt. No. 112]. While the plaintiff did present an alternative theory of infringement by Dr. Frederick Sayward, which became moot after this court's Markman Ruling, use of an alternative theory in this case does not create an "exceptional case" that makes it "grossly unjust" for the defendants to bear their own attorney's fees. As a result, the court does not find that the facts suggest that the plaintiffs had reason to believe that the Korszun patent did not cover the process used by MVM.

The defendants are also not entitled to fees for the limited period between the Markman Ruling and Summary Judgment. Though the plaintiffs could not longer rely on Dr. Sayward, they continued to press the other theories of infringement that they had alleged since the outset of the case. See Pls.' Opp. To Mot. For Summ. J. Of Noninfringement at 20-21 [Dkt. No. 71]. The court does not find this case to be one of

those "exceptional" cases in which attorney's fees are warranted. Superior Fireplace Co., 270 F.3d at 1377, citing Hoffman-La Roche, Inc. v. Invamed, Inc., 213 F.3d 1359, 1365-66 (Fed. Cir. 2000).

Nor does the court find that the circumstances surrounding the institution of this suit support an award of attorney's fees. As discussed above, even though this case was ultimately decided in the defendants' favor on summary judgment, there were grounds for Korszun to reasonably belief that the MVM might infringe his patent. There were ample grounds for the plaintiff to maintain suit against all of the defendants, whether initially or ultimately named.[1] In light of all the circumstances of this case, the court concludes it would not be grossly unfair to deny defendants' request, and that this case is not an exceptional one of vexatious or unjustified litigation.

### III. CONCLUSION

For the reasons discussed above, the defendants' Motion for Attorneys Fees is denied.

---

[1] It should also be noted that the defendants have also not alleged that Korszun procured the patent by any type of fraud or other bad faith conduct. See, e.g., Superior Fireplace Co., 270 F.3d at 1377, citing Cambridge Prod. Ltd. v. Penn. Nutrients, Inc., 270 F.3d 1358, 1378 (Fed. Cir. 2001).

**SO ORDERED**

Dated at Bridgeport, Connecticut this 9th day of February, 2004.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge