NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record. This disposition will appear in tables published periodically.

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

03-1544

HENRY A. KORSZUN and WOJTEK W. BOROWSKI,

Plaintiffs,

and

COMPUCLOZ CORPORATION,

Plaintiff-Appellant,

v.

PUBLIC TECHNOLOGIES MULTIMEDIA, INC. (now known as My Virtual Model, Inc.), J.C. PENNEY COMPANY, INC., MATTEL, INC., BRODERBUND SOFTWARE, INC., and LANDS' END, INC.,

Defendants-Appellees.

## JUDGMENT

APPEAL from the:   United States District Court, District of Connecticut

CASE NO(S).:   00-CV-327 JCH

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:   DISMISSED and REMANDED

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: _____ Date: 4-16-04

ENTERED BY ORDER OF THE COURT

DATED   March 26, 2004

Jan Horbaly, Clerk

ISSUED AS A MANDATE:   APRIL 16, 2004

NOTE. Pursuant to Fed. Cir. R. 47.6, this order is not citable as precedent. It is a public order.

# United States Court of Appeals for the Federal Circuit

FILED
APR 22  1 35 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

03-1544

00CV 327 JCH

HENRY A. KORSZUN and WOJTEK W. BOROWSKI,

Plaintiffs,

and

COMPUCLOZ CORPORATION,

Plaintiff-Appellant,

v.

PUBLIC TECHNOLOGIES MULTIMEDIA, INC. (now known as My Virtual Model, Inc.), J.C. PENNEY COMPANY, INC., MATTEL, INC., BRODERBUND SOFTWARE, INC., and LANDS' END, INC.,

Defendants-Appellees.

ON MOTION

ORDER

Defendants-appellees move to dismiss this appeal on the ground that there is no final judgment to support jurisdiction. See 28 U.S.C. § 1295(a)(1) (2000). In this case, the United States District Court for the District of Connecticut has granted summary judgment of noninfringement to defendants-appellees.

The motion to dismiss is premised on the proposition that counterclaims of invalidity of the patent in suit remain unadjudicated in the district court. The record reflects the existence of such counterclaims, but fails to show any explicit action taken by the district court to dispose of the counterclaims in such a manner as to vest this court with jurisdiction over a final judgment.

In <u>Nystrom v. Trex Company, Inc.</u>, 339 F.3d 1347 (Fed Cir. 2003), we faced a similar situation where outstanding counterclaims deprived the judgment of the district court of the requisite finality to secure jurisdiction in this court. We there held that our jurisdiction depends on resolution of the invalidity counterclaims in any of four ways: (1) the district court can proceed to trial on the invalidity counterclaims and adjudicate them to finality, thus "end[ing] the litigation on the merits and leav[ing] nothing for the court to do but execute the judgment[,]" <u>id.</u> at 1350 (citation omitted); (2) the district court can dismiss the counterclaims; (3) the district court can, where proper, enter judgment under Federal Rule of Civil Procedure 54(b); and (4) the procedures of 28 U.S.C. § 1292(b), (c)(1) can be invoked. <u>Id.</u> at 1350-51.

The appellant argues that the present posture of this case falls within the second <u>Nystrom</u> category. Because the district court granted the summary judgment of noninfringement and entered judgment thereon with the statement that the "case is closed," the appellant argues that the effect of the judgment was dismissal of the invalidity counterclaims as moot. This argument fails.

We have held that although a district court may dismiss counterclaims of invalidity as moot in appropriate cases in the exercise of its discretion, the counterclaims are not moot as a matter of law. <u>Liquid Dynamics Corp. v. Vaughan Co.</u>, 355 F.3d 1361, 1370-71 (Fed. Cir. 2004). Whether the district court in this instance meant to dismiss the counterclaims as moot when the deputy clerk of the court entered judgment with the words "the case is closed" is not a matter on which we will speculate. Such a denouement is of course possible, but no less likely is the possibility that the

status of the counterclaims was simply overlooked as the summary judgment of noninfringement was entered.

Nystrom sets out the four specific routes to a final judgment in patent infringement cases where counterclaims of invalidity are brought. Thus far, none of the Nystrom avenues has been pursued. We think it is unwise to deviate from the clear and precise course established by Nystrom. The four routes to finality are no less available now in this case than they were before the briefs were filed. On the current record, there is no ground for finality that has been perfected, and we accordingly must dismiss the appeal.

The defendants-appellees ask that we give instructions to the district court on how to dispose of the various invalidity counterclaims on remand to the district court. We decline to interfere with the discretion of the district court in how it wishes to deal with the pending counterclaims. Because the action of the district court on the counterclaims may affect the arguments the parties wish to present in their briefs, should they subsequently establish appellate jurisdiction here, we decline at this time to authorize the refiling of the briefs previously filed. To avoid duplication of effort and expense, the parties may, by later motion, seek leave to have all or parts of their current briefs considered as the briefs in the new appeal.

Upon consideration thereof

IT IS ORDERED THAT

(1) The appeal is dismissed.

(2) The case is remanded to the district court.

FOR THE COURT

*Jan Horbaly*

MAR 26 2004
Date

Jan Horbaly, Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 26 2004

JAN HORBALY
CLERK

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By: _____ Date: 4-16-04

03-1544                        4