William H. Bright (Federal Bar No. CT-02494)
Moy Ogilvie (Federal Bar No. CT-16508)
MCCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103
(860) 275-6767

James E. Hough (Federal Bar No. CT-18286)
Matthew D'Amore (Federal Bar No. CT18982)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0012
(212) 468-8000

Attorneys for Defendants
Mattel, Inc. and Broderbund
Software, Inc.

FILED

2004 JUL 16  P 2: 47

U.S. DISTRICT COURT
BRIDGEPORT, CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x

| | |
|---|---|
| HENRY A. KORSZUN; WOJTEK W. BOROWSKI and COMPUCLOZ CORPORATION,<br><br>Plaintiffs,<br><br>- v. -<br><br>PUBLIC TECHNOLOGIES MULTIMEDIA INC.; JC PENNEY COMPANY, INC.; MATTEL, INC. and/or BRODERBUND SOFTWARE, INC.; and LANDS' END, INC.,<br><br>Defendants. | Civil Action No.<br>3:00CV327 (JCH)<br><br><br><br>FIRST ANSWER & AMENDED COUNTERCLAIMS OF DEFENDANTS MATTEL, INC. AND BRODERBUND SOFTWARE, INC. |

------------------------------------------------------------x

For their First Amended Answer & Counterclaims in response to the Complaint and Jury Demand filed by Plaintiffs HENRY A. KORSZUN ("Korszun"); WOJTEK W. BOROWSKI ("Borowski"); and COMPUCLOZ CORPORATION ("Compucloz") (collectively, "Plaintiffs"), defendants MATTEL, INC. and BRODERBUND SOFTWARE, INC. (collectively, the "Mattel Defendants"), by their undersigned attorneys, Morrison & Foerster LLP, aver as follows:

ny-562903                         1

1. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore deny.

2. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore deny.

3. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore deny.

4. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and therefore deny.

5. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and therefore deny.

6. Deny, except admit that Mattel, Inc., is a Delaware corporation having a place of business at 333 Continental Boulevard, El Segundo, California, 90245, and aver that the corporation known as The Learning Company, Inc. has been merged into Mattel, Inc., operates as a business unit of The Mattel Interactive Division, and no longer exists as a corporate entity.

7. Admit.

8. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore deny.

9. [Omitted by Plaintiffs]

10. Admit that this purports to be an action arising under the patent laws of the United States (Title 35, United States Code), but deny that the Complaint states a cause of action, and otherwise deny the allegations of Paragraph 10.

11. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, except admits that United States Patent Number 5,680,528 (the "'528 patent") issued on October 27, 1997, and deny that the '528 patent was duly or legally issued.

12. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore deny.

13. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and therefore deny.

14. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and therefore deny, except admits that Defendant My Virtual Model, Inc. (f/k/a Public Technologies Multimedia Inc.) ("MVM") is, among other things, a software development company, that MVM has developed proprietary software technology known as "My Virtual Model"™, and that an embodiment of such technology or the use thereof is licensed to the Mattel Defendants.

15. Deny each and every allegation of Paragraph 15.

16. Deny each and every allegation of Paragraph 16.

17. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and therefore deny.

18. Deny each and every allegation of Paragraph 18, except aver that Plaintiffs have served Mattel, Inc. and Broderbund Software, Inc. with a Complaint and First Amended Complaint For Patent Infringement, and respectfully refer to the Complaint and First Amended Complaint for the contents thereof.

19. Deny each and every allegation of Paragraph 19.

20. Deny each and every allegation of Paragraph 20.

### First Affirmative Defense

21. The Mattel Defendants do not infringe, induce the infringement of, or contribute to the infringement of the '528 patent.

### Second Affirmative Defense

22. Plaintiffs have failed to state a claim upon which relief can be granted.

### Third Affirmative Defense

23. Plaintiffs have failed to plead in accordance with Rule 8 of the Federal Rules of Civil Procedure.

Fourth Affirmative Defense

24. On information and belief, the '528 patent is invalid and void because it fails to meet one or more of the conditions for patentability set forth in Part II of Title 35 of the United State Code.

Fifth Affirmative Defense

25. Plaintiffs have filed suit in a forum and venue not proper, convenient, or appropriate for the resolution of this action (*forum non conveniens*).

Sixth Affirmative Defense

26. Some or all of the relief sought by Plaintiffs is barred by the doctrine of laches.

Seventh Affirmative Defense

27. Some or all of the relief sought by Plaintiffs is barred by the doctrine of equitable estoppel.

Eighth Affirmative Defense

28. Some or all of the relief sought by Plaintiffs is barred by the doctrine of unclean hands.

Ninth Affirmative Defense

29. Some or all of the relief sought by Plaintiffs is barred under 35 U.S.C. § 287 because the Mattel Defendants did not have actual or constructive notice of the '528 patent.

Tenth Affirmative Defense

30. Prior art so limits and restricts the scope of the '528 patent that the Mattel Defendants cannot be considered to infringe that patent either literally or under the doctrine of equivalents.

Eleventh Affirmative Defense

31. On the basis of proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that matured into the '528 patent and statements made by or on

behalf of Plaintiffs, Plaintiffs are estopped from construing the '528 patent so as to assert a claim for infringement thereof, either literally or under the doctrine of equivalents, against The Mattel Defendants.

### Twelfth Affirmative Defense

32. On information and belief, the '528 patent is invalid for failure to comply with the definiteness requirement of section 112 of Title 35 of the United States Code.

### Thirteenth Affirmative Defense

33. On information and belief, the '528 patent is invalid for failure to comply with the written description requirement of section 112 of Title 35 of the United States Code.

### Fourteenth Affirmative Defense

34. On information and belief, the '528 patent is invalid for failure to comply with the best mode requirement of section 112 of Title 35 of the United States Code.

### Fifteenth Affirmative Defense

35. On information and belief, the '528 patent is invalid for failure to comply with the enablement requirement of section 112 of Title 35 of the United States Code.

### COUNTERCLAIMS

36. Paragraphs 1-35 above are incorporated herein as if fully set forth.

37. On or about February 18, 2000, Counterclaim-Defendants Korszun, Borowski, and Compucloz ("Counterclaim-Defendants") filed the Complaint, alleging that Mattel, Inc. and Broderbund Software, Inc. ("Counterclaim-Plaintiffs") infringe the '528 patent.

38. Counterclaim-Defendants have alleged that they are residents of the State of Connecticut, and are subject to and have consented to the jurisdiction of this Court.

39. Counterclaim-Plaintiffs deny that they infringe the '528 patent, and state on information and belief that the patent is invalid and void. Consequently, there is an actual case and controversy between Counterclaim-Plaintiffs and Counterclaim-Defendants.

40. This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

## Count I
### (Declaration of Non-Infringement)

41. Paragraphs 36 to 40 above are incorporated herein as if fully set forth.

42. Counterclaim-Plaintiffs do not directly or contributarily infringe or induce the infringement of the '528 patent, and are entitled to a declaratory judgment of non-infringement of said patent.

## Count II
### (Declaration of Invalidity Based on Part II of Title 35 of the U.S. Code)

43. Paragraphs 36 to 42 above are incorporated herein as if fully set forth.

44. On information and belief, the '528 patent is invalid and void because it fails to meet one or more of the conditions for patentability set forth in Part II of Title 35 of the United State Code. Counterclaim-Plaintiffs are therefore entitled to a declaratory judgment that the '528 patent is invalid and void.

## Count III
### (Declaration of Invalidity for Lack of Definiteness)

45. Paragraphs 36 to 44 above are incorporated herein as if fully set forth.

46. On information and belief, the '528 patent is invalid and void for failure to comply with the definiteness requirement of Section 112 of Title 35 of the United States Code. Counterclaim-Plaintiffs are therefore entitled to a declaratory judgment that the '528 patent is invalid and void.

## Count IV
### (Declaration of Invalidity for Lack of Adequate Written Description)

47. Paragraphs 36 to 46 above are incorporated herein as if fully set forth.

48. On information and belief, the '528 patent is invalid and void for failure to comply with the written description requirement of Section 112 of Title 35 of the United States Code. Counterclaim-Plaintiffs are therefore entitled to a declaratory judgment that the '528 patent is invalid and void.

## Count V
### (Declaration of Invalidity for Lack of Adequate Disclosure of Best Mode)

49. Paragraphs 36 to 48 above are incorporated herein as if fully set forth.

50. On information and belief, the '528 patent is invalid and void for failure to comply with the best mode requirement of Section 112 of Title 35 of the United States Code. Counterclaim-Plaintiffs are therefore entitled to a declaratory judgment that the '528 patent is invalid and void.

## Count VI
### (Declaration of Invalidity for Lack of Enablement)

51. Paragraphs 36 to 50 above are incorporated herein as if fully set forth.

52. On information and belief, the '528 patent is invalid and void for failure to comply with the enablement requirement of Section 112 of Title 35 of the United States Code. Counterclaim-Plaintiffs are therefore entitled to a declaratory judgment that the '528 patent is invalid and void.

WHEREFORE, Mattel, Inc. and Broderbund Software, Inc. demand judgment against Plaintiffs:

a) dismissing the Complaint and the Amended Complaint with prejudice;

b) denying Plaintiffs' prayer for relief;

c) declaring that Mattel, Inc., and Broderbund Software, Inc., do not infringe United States Patent No. 5,680,528;

d) declaring that United States Patent No. 5,680,528 is invalid and void;

e) finding this to be an exceptional case under 35 U.S.C. § 285 and that Mattel, Inc. and Broderbund Software, Inc. shall recover from Plaintiffs their reasonable costs and attorneys' fees, together with interest, including prejudgment interest, thereon; and

f) awarding Mattel, Inc. and Broderbund Software, Inc. such other and further relief as this Court may deem just and proper.

Dated:  New York, NY
        July 2, 2004

/s/ Matthew D'Amore
James E. Hough (Federal Bar No. CT-18286)
Matthew D'Amore (Federal Bar No. CT-18982)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0012
(212) 468-8000

-and-

William H. Bright, Esq. (Federal Bar No. CT-02494)
Moy Ogilvie (Federal Bar No. CT-16508)
MCCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103
(860) 275-6767

Attorneys for Defendants
Mattel, Inc. and Broderbund
Software, Inc.

## CERTIFICATE OF SERVICE

I, Matthew D'Amore, hereby certify that on July 2, 2004, I caused a true and correct copy of the foregoing First Amended Answer and Counterclaims to be served by overnight delivery.

>Stephen P. McNamara
>St. Onge Steward Johnston & Reens LLC
>986 Bedford Street
>Stamford, Connecticut  06905-5619

>*/s/ Matthew D'Amore*
>Matthew D'Amore