William H. Bright (Federal Bar No. CT-02494)
Moy Ogilvie (Federal Bar No. CT-16508)
MCCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103
(860) 275-6767

James E. Hough (Federal Bar No. CT-18286)
Matthew D'Amore (Federal Bar No. CT18982)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0012
(212) 468-8000

Attorneys for Defendant
Lands' End Company, Inc.

FILED

2004 JUL 16  P 2: 47

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x

HENRY A. KORSZUN; WOJTEK W. BOROWSKI
and COMPUCLOZ CORPORATION

        Plaintiffs

- v. -

PUBLIC TECHNOLOGIES MULTIMEDIA INC.;
JC PENNEY COMPANY, INC.; MATTEL, INC.
and/or BRODERBUND SOFTWARE, INC.;
and LANDS' END, INC.,

        Defendants.

---------------------------------------------------------------x

Civil Action No.
3:00CV327 (JCH)

FIRST ANSWER &
AMENDED
COUNTERCLAIMS OF
DEFENDANT LANDS' END,
INC.

For its First Amended Answer & Counterclaims in response to the Complaint and Jury Demand filed by Plaintiffs HENRY A. KORSZUN ("Korszun"); WOJTEK W. BOROWSKI ("Borowski"); and COMPUCLOZ CORPORATION ("Compucloz") (collectively, "Plaintiffs"), defendant LANDS' END, INC. ("Lands' End"), by its undersigned attorneys, Morrison & Foerster LLP, avers as follows:

    1.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies.

ny-562890                                                       1

2. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies.

3. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies.

4. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and therefore denies.

5. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and therefore denies.

6. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and therefore denies.

7. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies.

8. Admits.

9. [Omitted by Plaintiffs]

10. Admits that this purports to be an action arising under the patent laws of the United States (Title 35, United States Code), but denies that the Complaint states a cause of action, and otherwise denies the allegations of Paragraph 10.

11. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, except admits that United States Patent Number 5,680,528 (the "'528 patent") issued on October 27, 1997, and denies that the '528 patent was duly or legally issued.

12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore denies.

13. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and therefore denies.

14. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and therefore denies, except admits that Defendant My Virtual Model, Inc. (f/k/a Public Technologies Multimedia Inc.) ("MVM") is, among other things, a

software development company, that MVM has developed proprietary software technology known as "My Virtual Model"™, and that an embodiment of such technology or the use thereof is licensed to Lands' End.

15. Denies each and every allegation of Paragraph 15.

16. Denies each and every allegation of Paragraph 16.

17. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and therefore denies.

18. Denies each and every allegation of Paragraph 18, except avers that Plaintiffs have served Lands' End with a First Amended Complaint For Patent Infringement, and respectfully refers to the First Amended Complaint for the contents thereof.

19. Denies each and every allegation of Paragraph 19.

20. Denies each and every allegation of Paragraph 20.

### First Affirmative Defense

21. Lands' End does not infringe, induce the infringement of, or contribute to the infringement of the '528 patent.

### Second Affirmative Defense

22. Plaintiffs have failed to state a claim upon which relief can be granted.

### Third Affirmative Defense

23. Plaintiffs have failed to plead in accordance with Rule 8 of the Federal Rules of Civil Procedure.

### Fourth Affirmative Defense

24. Lands' End is not subject to personal jurisdiction in this State.

### Fifth Affirmative Defense

25. On information and belief, the '528 patent is invalid and void because it fails to meet one or more of the conditions for patentability set forth in Part II of Title 35 of the United State Code.

Sixth Affirmative Defense

26. Plaintiffs have filed suit in a forum and venue not proper, convenient, or appropriate for the resolution of this action (*forum non conveniens*).

Seventh Affirmative Defense

27. Some or all of the relief sought by Plaintiffs is barred by the doctrine of laches.

Eighth Affirmative Defense

28. Some or all of the relief sought by Plaintiffs is barred by the doctrine of equitable estoppel.

Ninth Affirmative Defense

29. Some or all of the relief sought by Plaintiffs is barred by the doctrine of unclean hands.

Tenth Affirmative Defense

30. Some or all of the relief sought by Plaintiffs is barred under 35 U.S.C. § 287 because Lands' End did not have actual or constructive notice of the '528 patent.

Eleventh Affirmative Defense

31. Prior art so limits and restricts the scope of the '528 patent that Lands' End cannot be considered to infringe that patent either literally or under the doctrine of equivalents.

Twelfth Affirmative Defense

32. On the basis of proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that matured into the '528 patent and statements made by or on behalf of Plaintiffs, Plaintiffs are estopped from construing the '528 patent so as to assert a claim for infringement thereof, either literally or under the doctrine of equivalents, against Lands' End.

### Thirteenth Affirmative Defense

33. On information and belief, the '528 patent is invalid for failure to comply with the definiteness requirement of section 112 of Title 35 of the United Stated Code.

### Fourteenth Affirmative Defense

34. On information and belief, the '528 patent is invalid for failure to comply with the written description requirement of section 112 of Title 35 of the United Stated Code.

### Fifteenth Affirmative Defense

35. On information and belief, the '528 patent is invalid for failure to comply with the best mode requirement of section 112 of Title 35 of the United Stated Code.

### Sixteenth Affirmative Defense

36. On information and belief, the '528 patent is invalid for failure to comply with the enablement requirement of section 112 of Title 35 of the United Stated Code.

## COUNTERCLAIMS

37. Paragraphs 1-36 above are incorporated herein as if fully set forth.

38. On or about April 24, 2000, Counterclaim-Defendants Korszun, Borowski, and Compucloz ("Counterclaim-Defendants") filed the First Amended Complaint, alleging that Lands' End infringes the '528 patent.

39. Counterclaim-Defendants have alleged that they are residents of the State of Connecticut, and are subject to and have consented to the jurisdiction of this Court.

40. Lands' End denies that it infringes the '528 patent, and states on information and belief that the patent is invalid and void. Consequently, there is an actual case and controversy between Lands' End and Counterclaim-Defendants.

41. This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

### Count I
(Declaration of Non-Infringement)

42. Paragraphs 37 to 41 above are incorporated herein as if fully set forth.

43. Lands' End does not directly or contributarily infringe or induce the infringement of the '528 patent, and is entitled to a declaratory judgment of non-infringement of said patent.

### Count II
(Declaration of Invalidity Based on Part II of Title 35 of the U.S. Code)

44. Paragraphs 37 to 43 above are incorporated herein as if fully set forth.

45. On information and belief, the '528 patent is invalid and void because it fails to meet one or more of the conditions for patentability set forth in Part II of Title 35 of the United State Code. Lands' End is therefore entitled to a declaratory judgment that the '528 patent is invalid and void.

### Count III
(Declaration of Invalidity for Lack of Definiteness)

46. Paragraphs 37 to 45 above are incorporated herein as if fully set forth.

47. On information and belief, the '528 patent is invalid and void for failure to comply with the definiteness requirement of Section 112 of Title 35 of the United States Code. Lands' End is therefore entitled to a declaratory judgment that the '528 patent is invalid and void.

### Count IV
(Declaration of Invalidity for Lack of Adequate Description)

48. Paragraphs 37 to 47 above are incorporated herein as if fully set forth.

49. On information and belief, the '528 patent is invalid and void for failure to comply with the written description requirement of Section 112 of Title 35 of the United States Code. Lands' End is therefore entitled to a declaratory judgment that the '528 patent is invalid and void.

### Count V
(Declaration of Invalidity for Lack of Adequate Disclosure of Best Mode)

50. Paragraphs 37 to 49 above are incorporated herein as if fully set forth.

51. On information and belief, the '528 patent is invalid and void for failure to comply with the best mode requirement of Section 112 of Title 35 of the United States Code.

Lands' End is therefore entitled to a declaratory judgment that the '528 patent is invalid and void.

### Count VI
(Declaration of Invalidity for Lack of Enablement)

52. Paragraphs 37 to 51 above are incorporated herein as if fully set forth.

53. On information and belief, the '528 patent is invalid and void for failure to comply with the enablement requirement of Section 112 of Title 35 of the United States Code. Lands' End is therefore entitled to a declaratory judgment that the '528 patent is invalid and void.

WHEREFORE, Lands' End demands judgment against Plaintiffs:

a) dismissing the First Amended Complaint with prejudice;

b) denying Plaintiffs' prayer for relief;

c) declaring that Lands' End does not infringe United States Patent No. 5,680,528;

d) declaring that United States Patent No. 5,680,528 is invalid and void;

e) finding this to be an exceptional case under 35 U.S.C. § 285 and that Lands' End shall recover from Plaintiffs its reasonable costs and attorneys' fees, together with interest, including prejudgment interest, thereon; and

f) awarding Lands' End such other and further relief as this Court may deem just and proper.

Dated: New York, NY
       July 2, 2004

_/s/ Matthew D'Amore_
James E. Hough (Federal Bar No. CT-18286)
Matthew D'Amore (Federal Bar No. CT-18982)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0012
(212) 468-8000

-and-

William H. Bright, Esq. (Federal Bar No. CT-02494)
Moy Ogilvie (Federal Bar No. CT-16508)
MCCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103
(860) 275-6767

Attorneys for Defendant
Lands' End Inc.

## CERTIFICATE OF SERVICE

I, Matthew D'Amore, hereby certify that on July 2, 2004, I caused a true and correct copy of the foregoing First Amended Answer and Counterclaims to be served by overnight delivery.

>Stephen P. McNamara
>St. Onge Steward Johnston & Reens LLC
>986 Bedford Street
>Stamford, Connecticut 06905-5619

*/s/ Matthew D'Amore*
Matthew D'Amore