UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HENRY A KORSZUN; WOJTEK W. BOROWSKI and COMPUCLOZ CORPORATION<br>　　　Plaintiffs,<br><br>vs.<br><br><br>PUBLIC TECHNOLOGIES MULTIMEDIA, INC.,<br>J.C. PENNEY COMPANY, INC.;<br>MATTEL, INC. and/or<br>BRODERBUND SOFTWARE, INC.;<br>and LAND'S END, INC.,<br>　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No.<br>300CV327 (JCH)<br><br><br><br><br>May 18, 2005 |

**OBJECTION TO BILL OF COSTS**

Plaintiffs object to the Bill of Costs filed by Defendants under Local Rule 54 as follows:

**Objection to Fees for Witnesses Travel Costs**

As seen in Exhibit B to Defendant's Bill of Costs, the witnesses' airline ticket shows that the fare was paid in the amount of $1237.26 in **Canadian** dollars, not **United States** dollars.  The requested costs of $1237.26 in United States dollars is objected to because the Bill of Costs grossly inflates the actual amount paid, because at the time of the ticketing, in or around April 2002, the Canadian dollar was worth significantly less than the United States dollar.  The Bill of Costs does not provide a basis for an award of the actual costs and the claim for $1237.26 should be stricken.

**Objection To Fees For Services of Subpoenas**

None of the three witnesses identified in the invoices attached at Exhibit A (Paula Hian; NCR Corporation; and Proctor & Gamble) were ever deposed by Defendants; the scheduled depositions were cancelled by Defendant's counsel. The claim for $151.40 for fees for service of subpoenas should be stricken.

**Objection to Fees for Exemplification and Copies of Papers**

The claimed $42,575.94 for costs of copies is excessive. Permissible costs that can be awarded do not include multiple copies of documents, or documents obtained for the convenience of Defendants counsel. Local Rule §54(c)(3)(i). Nor do permissible costs include copies of pleadings. Local Rule §54(c)(3)(iii). It appears however, based on the total number claimed, that Defendants are improperly including such costs in their Bill of Costs.

Other courts have rules stating that fees for exemplification and copies of papers necessarily obtained for use in the case will be limited to those documents used at the trial and received in evidence. See e.g., *Sun Publishing Co. v. Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1524 (E.D. Va. 1984). Although not required to submit a bill of costs so detailed as to make it impossible economically to recover copying costs, the prevailing party is required to provide the best breakdown obtainable from retained records. See *Northbrook Excess & Surplus Insurance Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Furthermore, as stated by one court, the losing party "should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991).

In view of these principles, the claimed $42,575.94 for costs of copies is excessive. At 10 cents a copy, the "nearly 20,000" documents produced by Defendants, which is referenced by the Declaration of Susan E. Quin In Support of Defendant's Bill of Costs, ¶4, would amount to no more than $2000. Plaintiffs paid for the copies of Plaintiffs which were produced to Defendants, so defendants should not be entitled to claim these copies as costs.

Local Rule §54(c)(3)(i) provides that costs for copies of paper are taxable "only if counsel can demonstrate that such …copies were necessarily obtained for use in the case. " In this case, the taxable cost of copies should be limited to the 1500 pages of exhibits submitted to the court which is referred to in the Declaration of Susan Quinn, ¶5. At 10 cents a page, this should total no more than $150.

The claim for $42,575.94 for fees for copies should be stricken.

**Objection To Fees For Witness Subsistence.**

Irene Lefokowitz was an expert witness for the Defendants. She was deposed with regard to her expert report. The deposition of Irene Lefokowitz took less than half a day. The basis for the amount claimed as subsistence fee for Irene Lefokowitz is not explained as it is not clear what is being relied on by Defendants. But whatever basis is used, $550 clearly exceeds the expense of one day's subsistence. The claim for $550 for subsistence fees should be stricken.

**Objection to Fees for Court Reporters**

Defendants' Motion for Summary Judgment of Non-Infringement which led to grant of judgment for Defendants relied on the deposition transcript of just one witness, Frederick Sayward. There is an insufficient accounting to determine what the sum if

$7115.02 represents, as Defendants noticed and took other depositions, but these depositions were obtained for the convenience of Defendant's counsel and were not necessarily obtained for the preparation of the case. The Bill of Costs does not provide a basis for award of costs as to the depositions used in support of Defendants' successful motion for summary judgment and the claim for $7115.02 for fees for court reporters should be stricken.

**Objection to Fees for the Clerk**

Defendants filed the same appeal twice. Plaintiffs object to the award of fees for the duplicative appeal filings by Defendants which were not incurred due to any action of the Plaintiffs.

**Conclusion**

Defendant's Bill of Costs should be adjusted to read as follows:

| | |
|---|---|
| Cost of Patent File Wrapper: | $278 |
| Cost of copies: | $150 |
| Total: | $428 |

Respectfully submitted,

May 17, 2005
Date

Stephen P. McNamara - ct01220
ST.ONGE STEWARD JOHNSTON & REENS
986 Bedford Street
Stamford, CT 06905
Tel. (203) 324-6155
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing

is being served on May 17, 2005 by first class mail, postage prepaid, on the following counsel for defendants:

> James Hough
> Matthew D'Amore
> Morrison & Foerster LLP
> 1290 Avenue of the Americas
> New York, New York 10104-0012

> and

> William H. Bright
> McCarter & English, LLP
> CityPlace 1, 185 Asylum Street
> Hartford, Connecticut 06103

May 17, 2005
Date