James E. Hough (Federal Bar No. CT-18286)
Matthew D'Amore (Federal Bar No. CT-18982)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0012
(212) 468-8000

Moyahoena Ogilvie (Federal Bar No. CT-412467)
MCCARTER & ENGLISH
City Place I
185 Asylum Street
Hartford, CT 06103
(860) 275-6797

Attorneys for Defendants

FILED

2005 DEC -6 P 3: 51

U.S. DISTRICT COURT
BRIDGEPORT, CONN

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HENRY A KORSZUN; WOJTEK W. BOROWSKI and COMPUCLOZ CORPORATION<br><br>Plaintiffs,<br><br>vs.<br><br>PUBLIC TECHNOLOGIES MULTIMEDIA, INC.; J.C. PENNEY COMPANY, INC.; MATTEL, INC. and/or BRODERBUND SOFTWARE, INC.; and LANDS' END, INC.<br><br>Defendants. | Civil Action No.<br>3:00CV327 (JCH) |

### DECLARATION OF SUSAN E. QUINN IN SUPPORT OF
### DEFENDANTS' RESUBMITTED BILL OF COSTS

ny-668281

SUSAN E. QUINN declares pursuant to 28 U.S.C. §§ 1746 and 1924 the following:

1. I am associated with the law firm of Morrison & Foerster LLP, attorneys of record for Defendants Public Technologies Multimedia, Inc., J.C. Penney Company, Inc., Mattel, Inc., Broderbund Software, Inc., and Lands' End, Inc. ("Defendants") in this action.

2. On May 11, 2005, Defendants submitted a Bill of Costs and the Declaration of Susan E. Quinn in Support of Defendants' Bill of Costs, dated May 11, 2005.

3. On November 22, 2005, this Court issued the Ruling Re: Bill of Costs (the "Ruling"), denying in part the Bill of Costs, without prejudice to resubmission. The Ruling allowed, absent objection, the cost of patent file wrapper and prior art patents of $278.

4. Defendants hereby respectfully resubmit their bil of costs (the Resubmitted Bill of Costs) to provide additional documentation and support for certain requested costs in accordance with the Ruling.

5. The disbursements identified in the Resubmitted Bill of Costs have been necessarily incurred in this action. As set forth herein, the services for which these disbursements have been incurred were actually and necessarily performed.

**COSTS OF EXEMPLIFICATION AND COPIES OF PAPERS**

6. Plaintiffs Henry A. Korszun, Wojtek W. Borowski and Compucloz Corporation ("Plaintiffs") initiated this litigation in February 2000. Substantial costs for exemplification and copies of papers were incurred during the five-year history of this action.

7. For example, during the pendency of this litigation, the parties propounded over ninety document requests, resulting in a document production of over 5,000 pages by Plaintiffs and close to 20,000 pages by Defendants. The parties took eleven depositions, involving a total of 1,724 pages of testimony and 165 exhibits. In addition, the parties prepared and served four expert reports, with accompanying supporting material.

ny-668281

8.  The litigation involved substantial briefing, including *Markman* claim interpretation proceedings, three summary judgment motions, and numerous appendices (including one three-volume appendix of approximately 1500 pages). Furthermore, the case needed to be prepared for appeal twice, because jurisdiction was lacking over the first appeal.

9.  Defendants request $3,734.92 for exemplifications or copies of papers. A copy of a chart demonstrating these costs is attached hereto as Exhibit A. Defendants have significantly lowered the amount of costs requested for copies since Defendants first submitted their Bill of Costs, because Defendants have now requested only those costs associated with documents which Defendants filed or served in this litigation. These costs were necessarily obtained for use in the defense of this case in connection with the foregoing aspects of the litigation and others. These costs are therefore taxable pursuant to Local Rule 54(c)(3)(i).

**FEES OF THE COURT REPORTER**

10.  Defendants request $7,509.92 for court reporters' fees. A copy of a chart demonstrating these fees is attached hereto as Exhibit B. These costs are for transcripts used in support of a successful motion for summary judgment or necessarily obtained for the preparation of the case. These costs are therefore taxable under Local Rule 54(c)(2)(ii).

**FFES OF THE CLERK**

11.  Defendants request $255.00 for fees of the Clerk. A copy of the receipt is attached hereto as Exhibit C. These costs were necessarily incurred in filing a notice of conditional cross-appeal with the District Court. These costs are therefore taxable under Local Rule 54(c)(1).

**FEES FOR WITNESSES**

12.  Defendants request $360.00 for fees for witnesses. Under 28 U.S.C. § 1821(b), "A witness shall be paid an attendance fee of $40 per day for each day's attendance." The following witnesses provided deposition testimony on behalf of Defendants:

ny-668281

| Witness | Fees Requested for: |
|---|---|
| Bass, William | One day of testimony (February 21, 2002) |
| Guilbault, Pierre | One day of testimony (January 31, 2002) |
| Kedrowski, Kathleen | One day of testimony (April 19, 2002), plus two travel days |
| Leszkowicz, Irene | One day of testimony (May 2, 2002), plus two travel days |
| Saldanha, Carlos | One day of testimony (February 1, 2002) |

Attached hereto as Exhibit D are true and correct copies of the front pages of the transcripts of deposition for each of these witnesses. The fees requested do not exceed the statutory limits set by 28 U.S.C. § 1821 and are therefore taxable under Local Rule 54(c)(4)(i).

**FEES FOR WITNESS'S TRAVEL COSTS**

13.     Defendants request $785.41 for travel costs for one of Defendants' expert witnesses, Ms. Irene Leszkowicz, who traveled to testify at a deposition. A copy of the receipt for Ms. Leszkowicz's common carrier expenses for her travel to New York is attached hereto as Exhibit E. The receipt is provided in Canadian dollars. The appropriate conversion of 1,237.26 Canadian dollars to U.S. dollars as of April 22, 2002 is $785.41, based on information provided by the Federal Reserve on its website at the following address: http://www.federalreserve.gov/releases/H10/hist/dat00_ca.htm, a copy of which is attached hereto as Exhibit F. The testimony given by Ms. Leszkowicz was relevant, material, and had bearing on essential issues of the case. These costs are therefore taxable under Local Rule 54(c)(4)(iii).

ny-668281

## FEES FOR WITNESS'S SUBSISTENCE

14. Defendants request $531.00 for subsistence fees for one of Defendants' expert witnesses, Ms. Irene Leszkowicz, who traveled to testify at a deposition. The witness's subsistence fees are requested at the statutory amount, under 28 U.S.C. § 1821, based on information provided by the U.S. General Services Administration on its website at the following address: http://www.gsa.gov/Portal/gsa/ep/contentView.do?queryYear=2002&contentType=GSA_BASIC&contentId=17943&queryState=New+York&noc=T, a copy of which is attached hereto as Exhibit G. Defendants request subsistence expenses for two nights of lodging (totaling $416.00), plus one full day at the full statutory rate ($46.00) for Meals and Incidental Expenses ("M&IE"), plus two days at the 75% rate for M&IE ($34.50). The subsistence fees actually incurred by Defendants in connection with Ms. Leszkowicz's travel are in excess of the statutory amounts requested herein. A copy of the receipt, in U.S. dollars, for this witness's lodging expenses for her travel to New York is attached hereto as Exhibit H. A copy of an invoice, in U.S. dollars, for this witness's non-lodging expenses for her travel to New York is attached hereto as Exhibit I. The total expense that Defendants incurred in connection with Ms. Leszkowicz's subsistence is $636.06. The testimony given by Ms. Leszkowicz was relevant, material, and had bearing on essential issues of the case. These costs are therefore taxable under Local Rule 54(c)(4)(ii).

## FEES FOR PATENT FILE WRAPPERS AND PRIOR ART PATENTS

15. Pursuant to Local Rule 54(c)(3)(ii), Defendants request that the cost of patent file wrappers retrieved from the United States Patent and Trademark Office ("USPTO") be taxed against Plaintiffs. The amount identified represents the cost of the prior art patents retrieved by Defendants at the rate charged by the USPTO. The Ruling allowed, absent objection, the cost of patent file wrapper and prior art patents of $278.

ny-668281

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of December, 2005 in New York, New York.

*Susan E. Quinn*
_____
Susan E. Quinn

ny-668281