UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HENRY A KORSZUN; WOJTEK W. BOROWSKI and COMPUCLOZ CORPORATION<br>　　Plaintiffs,<br>vs.<br><br>PUBLIC TECHNOLOGIES MULTIMEDIA, INC., J.C. PENNEY COMPANY, INC.; MATTEL, INC. and/or BRODERBUND SOFTWARE, INC.; and LAND'S END, INC.,<br>　　Defendants. | Civil Action No.<br>300CV327 (JCH)<br><br><br>December 21, 2005 |

## OBJECTION TO DEFENDANTS' RESUBMITTED BILL OF COSTS

Plaintiffs object to the Bill of Costs filed by Defendants under Local Rule 54.

An award of costs must involve a determination of the necessity of the costs incurred which, in turn, depends upon the descriptions provided by the moving party. *See Yin*, 2000 WL 827671 at *1-2 (denying costs where prevailing party submitted only a bare affidavit claiming costs were necessary and failed to provide "further argument or explanation as to why taxation of costs is appropriate"); *see also United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996) (reducing requested costs because prevailing party failed to "itemize those costs or explain why [the costs] were necessary.").

---

[2]　　See also *Carbonell v. Acrish*, 154 F. Supp. 2d 552, 569 (S.D.N.Y. 2001) (denying costs "[b]ecause the Court has no idea what part of the requested amount is for [legitimate costs, rather than the convenience of counsel]"); *New Leadership Comm. v. Davidson*, 23 F. Supp. 2d 301, 311 (E.D.N.Y. 1998) (denying certain costs where party failed to "itemize those costs or explain why all [the costs] were necessary."); *John G.*, 891 F. Supp. at 123 (denying costs because prevailing party failed to prove they were "necessarily obtained"); *Chamberlain Mfg. Corp. v. Maremont Corp.*, No. 92 C 0356, 1995 WL 769782 at *4 (N.D. Ill. Dec. 29, 1995) (Ex. 1) (denying costs that were "unnecessary and incurred for the convenience of attorneys").

**Objection to Fees for Exemplification and Copies of Papers**

    Local Rule 54(c)(3) provides as follows:

**3. Fees for Exemplification and Copies of Papers Necessarily Obtained for Use in the Case.**
(i) Costs for exemplifications or copies of papers are taxable only if counsel can demonstrate that such exemplifications or copies were necessarily obtained for use in the case. Costs for one copy of documents admitted into evidence in lieu of the originals, shall be permitted as costs. Copies for the convenience of counsel or additional copies are not taxable unless otherwise directed by the Court. The fee of a translator is taxable if the copy itself is a taxable cost.
(ii) The cost of patent file wrappers and prior art patents are taxable at the rate charged by the patent office. However, expenses for services of persons checking patent office records to determine what should be ordered are not recoverable.
(iii) Copies of pleadings are not allowed as costs. However, the cost of exhibits appended to a successful motion for summary judgment are allowable.

    The claimed $3,734.94 for costs of copies is insufficiently supported. The Declaration of Susan E. Quin In Support of Defendant's Resubmitted Bill of Costs, ¶¶6-9 still does not state what the claimed $3,734 if for other that "documents filed or served in this litigation." *Id.* at ¶9. There is no way to make head or tail of the table attached as Exhibit A – it lists amounts and the names of copy firms but does not explain what the copies are for.

    As noted in the local rules, costs do not include copy costs involved in making copies of pleadings. Local Rule §54(c)(3)(iii). Permissible costs do not include multiple copies of documents, or documents obtained for the convenience of Defendants counsel. Local Rule §54(c)(3)(i). Most courts limit fees for exemplification and copies of papers necessarily obtained for use in the case to those documents used at the trial and received in evidence. See e.g., *Sun Publishing Co. v. Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1524 (E.D. Va. 1984). E.D.N.Y. Local Civil Rule 54. The losing party "should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible for multiple copies

- 2 -

of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). As this case was decided on summary judgment, the requested copies should have been limited to the copies of copies associated with that motion (see Local Rule 54(c)(3)(iii):

> iii) Copies of pleadings are not allowed as costs. However, the cost of exhibits appended to a successful motion for summary judgment are allowable.

Accordingly, the claim for $3,734.94 for costs of copies should be denied.

**Objection to Fees for Court Reporters**

Local Rule 54(c)(3) provides as follows:

**2. Fees of the Court Reporter.**

(i) The cost of the original and one copy of the trial transcript, transcripts of pre-trial proceedings, and the cost of postage required for the court reporter to file the transcripts with the Court, are taxable if authorized in advance by the Court or are necessarily obtained for use in the case.
(ii) The cost of an original and one copy of deposition transcripts are recoverable as costs, if used at trial in lieu of live testimony, for cross-examination or impeachment, if used in support of a successful motion for summary judgment, or if they are necessarily obtained for the preparation of the case and not for the convenience of counsel. Appearance fees of the court reporter and the notary or other official presiding at the deposition, are taxable as costs, including travel, subsistence and postage for filing if the transcripts are required to be filed with the Court. Fees for nonparty deponents, including mileage and subsistence, are taxable at the same rate as for attendance at trial, where the deposition is a taxable cost under this subsection. A reasonable fee for the necessary use of an interpreter is also taxable.

Defendants' Motion for Summary Judgment of Non-Infringement which led to grant of judgment for Defendants relied on the deposition transcript of just one witness, Frederick Sayward. However, Defendants have claimed fees of $7509.92. There is no way of telling what the sum represents, as Exhibit B identifies depositions mainly by the name of court reporter.

Even as to the witnesses identified there are numerous costs which are not proper to award in this case. Addressing each cost specifically:

(1) Exhibit B, Item 1 for $54 does not explain what the cost is for.

(2) Exhibit B, Item 2 $182.50 is for the depositions of Carlos Saldanha and Pierre Guilbalt, two of ***Defendants***' employees. The transcripts were for the convenience of Defendants' counsel and were not used by Defendants in connection with the motion for summary judgment that disposed of the case.

(3) Exhibit B, Item 3 for $182.50 reflects a credit not an expense.

(4) Exhibit B, Item 4 $182.50 does not explain what the cost is for; it may be a duplicate of Number 2 which was for the depositions of Carlos Saldanha and Pierre Guilbalt, two of Defendants' employees. The transcripts were for the convenience of Defendant' counsel and were not used by Defendants in connection with the motion for summary judgment that disposed of the case.

(5) Exhibit B, Item 5 for $1065 does not explain what the cost is for.

(6) Exhibit B, Item 6 for $1051.50 does not explain what the cost is for.

(7) Exhibit B, Item 7 for $1011 does not explain what the cost is for.

(8) Exhibit B, Item 8 for $171 does not explain what the cost is for.

(9) Exhibit B, Item 9 for $1205.22 does not explain what the cost is for.

(10) Exhibit B, Item 10 for $916.50 is for the transcript of the deposition of Christopher Spadea, Plaintiffs' damages expert, whose testimony was never used in connection with any of the proceedings. The transcripts were for the convenience of Defendants' counsel and were not used by Defendants in connection with the motion for summary judgment that disposed of the

case.

(11) Exhibit B, Item 11 for $1033.50 is for the transcript of the deposition of Frederick Sayward, Plaintiffs' expert. It is not stated in Plaintiff's papers if this was the deposition used in connection with their summary judgment motion or not.

(12) Exhibit B, Item 12 for $439.90 is for expedited copy, copies of exhibits and a "Realtime" digital functionality provided during depositions. These expenses were unquestionably for the convenience of Defendants' counsel and were not used by Defendants in connection with the motion for summary judgment that disposed of the case.

(13) Exhibit B, Item 13 for $377.40 is for the transcript of the deposition of Kathleen Kedrowski, **Defendants**' damages expert, whose testimony was never used in connection with any of the proceedings. The transcripts were for the convenience of Defendants' counsel and were not used by Defendants in connection with the motion for summary judgment that disposed of the case.

Accordingly, given the complete failure to submit a Bill of Costs in compliance with Local Rule 54, the claim of $7,509.92 should be denied.

**Objection to Fees for the Clerk**

Defendants seek $255 fee for costs for its conditional cross-appeal. As the court will recall, the defendant's cross-appeal was submitted only after Defendants proposed a Stipulation of Judgment regarding its motion for invalidity by which judgment stipulating to patent *validity* was entered. It was not necessary, and in fact took a very contrived stipulation to seek a cross appeal of this one issue at the time of Plaintiff's appeal of the summary judgment issues.

Therefore, the costs were not necessary or proper, and should be denied.

**Objection to Fees for Witnesses**

Local Rule 54(c)(4) provides as follows:

**4. Fees for Witnesses.**
(i) Witness fees are taxable when the witness has actually testified or was necessarily in attendance at trial and whether or not the witness voluntarily attended or was present under subpoena. Witness fees for attendance at a deposition are recoverable if the deposition is a taxable cost. Witness fees for officers of a corporation are taxable provided that such witnesses are not named parties to the action. Fees for expert witnesses are taxable at the same rates as any other witness. Any amounts in excess of the statutory limits are not taxable.

Defendants have claimed $360 for 5 witnesses at $40 per day. First of all, the arithmetic is wrong and 5 witnesses at $40 per day is $200, not $360. In any event, under Local Rule 54(c)(4), witness fees for attendance at a deposition are recoverable if the deposition is a taxable cost. Defendants have not shown that the transcripts of the depositions of William Bass, Pierre Guilbalt, Kathleen Kedrowski, Irene Lszkowicz, or Carlos Saldanha were taxable costs. As discussed above, Defendants have utterly failed to support any showing that the costs of deposition transcripts are taxable. Therefore, the witness fees are equally unsupported and should be denied.

**Objection To Fees For Witness Travel and Subsistence.**

Defendants request $785.41 for travel costs and $531 hotel fees incurred in connection with the deposition of Irene Leszkowitz. Ms. Irene Leszkowitz was an expert witness for the Defendants who traveled from Canada to New York City for her deposition which was held at the offices of Defendant's counsel, Morrison & Foerster, New York, New York. The deposition

was held in New York at the offices of Defendant's counsel for the convenience of Defendant's counsel. Plaintiff's counsel is located in Stamford Connecticut but the deposition was not held in Connecticut. Clearly the location of the deposition was selected for the convenience of Defendant's counsel.

Ms. Leszkowitz's deposition transcript was not relied on by Defendants in connection with the successful motion for summary judgment. Under Local Rules 54(c)(4)(i) and 54(c)(3), the deposition transcript and witness fees are no recoverable as costs. (See above). In the same way, the subsistence costs are not recoverable. See Local Rules 54(c)(4)(i) and (ii). Therefore, the request for travel and subsistence for Irene Leszkowitz should be denied.

**Conclusion**

Defendant's Bill of Costs should be limited to the Cost of Patent File Wrapper: $278

Respectfully submitted,

Dec 21, 2005
Date

Stephen P. McNamara - ct01220
ST.ONGE STEWARD JOHNSTON & REENS
986 Bedford Street
Stamford, CT 06905
Tel. (203) 324-6155
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing

**OBJECTION TO DEFENDANTS' RESUBMITTED BILL OF COSTS**

is being served on December 21, 2005 by first class mail, postage prepaid, on the following counsel for defendants:

James Hough
Matthew D'Amore
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York  10104-0012

and

William H. Bright
McCarter & English, LLP
CityPlace 1, 185 Asylum Street
Hartford, Connecticut  06103

_12/21/05_  
Date