James E. Hough (Federal Bar No. CT-18286)
Matthew D'Amore (Federal Bar No. CT-18982)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0012
(212) 468-8000

Paula Cedillo (Federal Bar No. CT-23485)
Moyahoena Ogilvie (Federal Bar No. CT-412467)
MCCARTER & ENGLISH
City Place I
185 Asylum Street
Hartford, CT 06103
(860) 275-6797

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HENRY A KORSZUN; WOJTEK W. BOROWSKI and COMPUCLOZ CORPORATION<br><br>Plaintiffs,<br><br>vs.<br><br>PUBLIC TECHNOLOGIES MULTIMEDIA, INC.; J.C. PENNEY COMPANY, INC.; MATTEL, INC. and/or BRODERBUND SOFTWARE, INC.; and LANDS' END, INC.<br><br>Defendants. | Civil Action No.<br>3:00CV327 (JCH) |

### DECLARATION OF SUSAN E. QUINN IN SUPPORT OF DEFENDANTS' SECOND RESUBMITTED BILL OF COSTS

ny-678300

SUSAN E. QUINN declares pursuant to 28 U.S.C. §§ 1746 and 1924 the following:

1.  I am associated with the law firm of Morrison & Foerster LLP, attorneys of record for Defendants Public Technologies Multimedia, Inc., J.C. Penney Company, Inc., Mattel, Inc., Broderbund Software, Inc., and Lands' End, Inc. ("Defendants") in this action.

2.  On May 11, 2005, Defendants submitted a Bill of Costs and the Declaration of Susan E. Quinn in Support of Defendants' Bill of Costs, dated May 11, 2005.

3.  On November 22, 2005, this Court issued the Ruling Re: Bill of Costs (the "First Bill of Costs Ruling"), denying the bill of costs, in part, without prejudice to resubmission. The First Bill of Costs Ruling allowed, absent objection, the cost of patent file wrapper and prior art patents of $278.

4.  Defendants first resubmitted their bill of costs on December 6, 2005 (the "First Resubmitted Bill of Costs"), to provide additional documentation and support for certain requested costs in accordance with the First Bill of Costs Ruling. A true and correct copy of the First Resubmitted Bill of Costs is attached hereto as Exhibit 1.

5.  On January 27, 2006, this Court issued the Ruling Re: Resubmitted Bill of Costs (the "Second Bill of Costs Ruling"), allowing in part and denying in part the First Resubmitted Bill of Costs. The Second Bill of Costs Ruling allowed the statutory cross-appeal filing fee requested by Defendants of $255.

6.  In the Second Bill of Costs Ruling this Court disallowed the following costs requested by Defendants:

  - Copying costs, because Defendants failed to document "what its claimed copying costs were incurred for."

  - Court reporter fees, because Defendants did not provide invoices to substantiate these fees.

ny-678300

- Witness fees, because Defendants did not establish that the witnesses' deposition testimony had been used in Defendants' Motion for Summary Judgment of Noninfringement (the "Motion").

- Witness' travel costs and subsistence costs, because Defendants had not established that the deposition of Ms. Irene Leszkowicz had been used in connection with the Motion.

7. This Court's Second Bill of Costs Ruling explicitly allows that "Defendants may resubmit its copying expenses and court reporter costs, with complete and appropriate supporting documentation, used in connection with the Motion for Summary Judgment." Defendants therefore resubmit their copying expenses and court reporter costs in compliance with the Second Bill of Costs Ruling.

8. Furthermore, Defendants also resubmit their requested witness travel and subsistence costs and respectfully request that the Court reconsider related portions of its Second Bill of Costs Ruling for the reasons explained below.

9. The disbursements identified in the Second Resubmitted Bill of Costs have been necessarily incurred in this action. As set forth herein, the services for which these disbursements have been incurred were actually and necessarily performed.

**COSTS OF EXEMPLIFICATION AND COPIES OF PAPERS**

10. Defendants request $1,272.80 for exemplifications or copies of papers. A copy of a chart demonstrating these costs is attached hereto as Exhibit 2. Defendants have significantly lowered the amount of costs requested for copies since Defendants' first Resubmitted Bill of Costs, because Defendants have now requested only those costs associated with Defendants' successful Motion. Specifically, Defendants are requesting only those copy costs incurred from October 14, 2003 through December 20, 2003 incurred in connection with the preparation and service of their Motion for Summary Judgment of Noninfringement. These costs were necessarily obtained for

ny-678300

use in the defense of this case in connection with the foregoing aspects of the litigation and others. These costs are therefore taxable pursuant to Local Rule 54(c)(3)(i).

**FEES OF THE COURT REPORTER**

11. Defendants request $1144.50 for court reporters' fees incurred in connection with the depositions of Frederick Sayward and Carlos Saldanha. A copy of the invoices substantiating these fees is attached hereto as Exhibit 3. These costs are for transcripts used in support of the Motion. Each of these witness' deposition testimony was cited to in the briefing on Defendants' Motion.[1] (*See* Exhibit 4 at 1, 4, 32, 33; Exhibit 5 at 10, 11, 12, 13, 17, 26; Exhibit 6 at 6.)

12. Defendants also respectfully request court reporters' fees incurred in connection with the deposition of Irene Leszkowicz in the amount of $439.90. A copy of the invoice substantiating these fees is attached hereto as Exhibit 7. Though Ms. Leszkowicz's deposition testimony was not cited to in the briefing on the Motion, her sworn declarations were cited to frequently. (*See*, Exhibit 4 at 22, 26; Exhibit 5 at 25, 29; Exhibit 6 at 1, 3, 5.) Defendants respectfully submit that these costs are taxable because the witnesses were cross-examined by the plaintiffs prior to briefing on the motion for summary judgment, a factor which undoubtedly lent to the witness' credibility in the consideration of the motion.

**FEES FOR WITNESS' TRAVEL COSTS AND SUBSISTENCE COSTS**

13. Previously, Defendants requested $785.41 for travel costs and $531.00 for subsistence costs for one of Defendants' expert witnesses, Ms. Irene Leszkowicz, who traveled to testify at a deposition. (*See* Exhibit 1 at ¶¶ 13 and 14 and Exhibits E, F, G, H, and I thereto.) Defendants respectfully request that the Court reconsider its denial of Defendants' request for Ms.

---

[1] A true and correct copy relevant pages of the Memorandum of Law in Support of Defendants' Motion for Summary Judgment of Noninfringement is attached hereto as Exhibit 4. A true and correct copy of relevant pages of Plaintiffs' Opposition to Motion for Summary Judgment of Noninfringement is attached hereto as Exhibit 5. A true and correct copy of relevant pages of the Reply Memorandum in Further Support of Defendants' Motion for Summary Judgment of Noninfringement is attached hereto as Exhibit 6.

ny-678300

Leszkowicz's travel costs and subsistence costs. Ms. Leszkowicz's expert report and declaration were cited to frequently in briefing on the Motion, and her travel was necessary to allow Plaintiffs the opportunity to cross-examine her. The testimony given by Ms. Leszkowicz was relevant, material, and had bearing on essential issues of the case. (*See, e.g.*, Exhibit 4 at 22, 26; Exhibit 5 at 25, 29; Exhibit 6 at 1, 3, 5.) These costs are therefore taxable under Local Rule 54(c)(4)(ii) and (iii).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 7th day of February, 2006 in New York, New York.

*Susan E. Quinn*
Susan E. Quinn

ny-678300