## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| **HENRY A KORSZUN; WOJTEK W.** | : | **Civil Action No.** |
| **BOROWSKI and COMPUCLOZ** | : | **300CV327 (JCH)** |
| **CORPORATION** | : | |
| **Plaintiffs,** | : | |
| **vs.** | : | |
| | : | **February 27, 2006** |
| **PUBLIC TECHNOLOGIES MULTIMEDIA, INC.,** | | |
| **J.C. PENNEY COMPANY, INC.;** | : | |
| **MATTEL, INC. and/or** | : | |
| **BRODERBUND SOFTWARE, INC.;** | : | |
| **and LAND'S END, INC.,** | : | |
| **Defendants.** | : | |
| | : | |

### OBJECTION TO DEFENDANTS' SECOND RESUBMITTED BILL OF COSTS

Plaintiffs object to the second Resubmitted Bill of Costs filed by Defendants under Local Rule 54.

An award of costs must involve a determination of the necessity of the costs incurred which, in turn, depends upon the descriptions provided by the moving party. *See Yin,* 2000 WL 827671 at *1-2 (denying costs where prevailing party submitted only a bare affidavit claiming costs were necessary and failed to provide "further argument or explanation as to why taxation of costs is appropriate"); *see also United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996) (reducing requested costs because prevailing party failed to "itemize those costs or explain why [the costs] were necessary.").

[2]    *See also Carbonell v. Acrish*, 154 F. Supp. 2d 552, 569 (S.D.N.Y. 2001) (denying costs "[b]ecause the Court has no idea what part of the requested amount is for [legitimate costs, rather than the convenience of counsel]"); *New Leadership Comm. v. Davidson*, 23 F. Supp. 2d 301, 311 (E.D.N.Y. 1998) (denying certain costs where party failed to "itemize those costs or explain why all [the costs] were necessary."); *John G.*, 891 F. Supp. at 123 (denying costs because prevailing party failed to prove they were "necessarily obtained"); *Chamberlain Mfg. Corp. v. Maremont Corp.*, No. 92 C 0356, 1995 WL 769782 at *4 (N.D. Ill. Dec. 29, 1995) (Ex. 1) (denying costs that were "unnecessary and incurred for the convenience of attorneys").


**Objection to Fees for Exemplification and Copies of Papers**

Local Rule 54(c)(3) provides as follows:

**3. Fees for Exemplification and Copies of Papers Necessarily Obtained for Use in the Case.**
(i) Costs for exemplifications or copies of papers are taxable only if counsel can demonstrate that such exemplifications or copies were necessarily obtained for use in the case. Costs for one copy of documents admitted into evidence in lieu of the originals, shall be permitted as costs. Copies for the convenience of counsel or additional copies are not taxable unless otherwise directed by the Court. The fee of a translator is taxable if the copy itself is a taxable cost.
(ii) The cost of patent file wrappers and prior art patents are taxable at the rate charged by the patent office. However, expenses for services of persons checking patent office records to determine what should be ordered are not recoverable.
(iii) Copies of pleadings are not allowed as costs. However, the cost of exhibits appended to a successful motion for summary judgment are allowable.


The claimed $1,272.80 for costs of copies is insufficiently supported. The Declaration of Susan E. Quin In Support of Defendant's Resubmitted Bill of Costs, ¶¶10states that it represents copy costs incurred in connection with the preparation and filing of the motion for summary judgment.

As noted in the local rules, costs do not include copy costs involved in making copies of pleadings. Local Rule §54(c)(3)(iii). Permissible costs do not include multiple copies of documents, or documents obtained for the convenience of Defendants counsel. Local Rule §54(c)(3)(i). Most courts limit fees for exemplification and copies of papers necessarily obtained

for use in the case to those documents used at the trial and received in evidence. See e.g., *Sun Publishing Co. v. Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1524 (E.D. Va. 1984). E.D.N.Y. Local Civil Rule 54. The losing party "should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). As this case was decided on summary judgment, the requested costs should have been limited to the cost of the evidence submitted with that motion (see Local Rule 54(c)(3)(iii):

> iii) Copies of pleadings are not allowed as costs. However, the cost of exhibits appended to a successful motion for summary judgment are allowable.

The court has already previously denied defendant's earlier submission, stating in the most recent Ruling re Resubmitted Bill of Costs [Dkt No 139] that "The defendants have still failed to document what its claimed copying costs were incurred for." The same is true of the Second resubmitted Bill of Costs: there is no way of telling if the submitted costs were for pleadings, exhibits or something else. The claim for $1,272.80 for costs of copies should be denied.

**Objection to Fees for Court Reporters**

Local Rule 54(c)(3) provides as follows:

**2. Fees of the Court Reporter**.

(i) The cost of the original and one copy of the trial transcript, transcripts of pre-trial proceedings, and the cost of postage required for the court reporter to file the transcripts with the Court, are taxable if authorized in advance by the Court or are necessarily obtained for use in the case.
(ii) The cost of an original and one copy of deposition transcripts are recoverable as costs, if used at trial in lieu of live testimony, for cross-examination or impeachment, if used in support of a successful motion for summary judgment, or if they are necessarily obtained

for the preparation of the case and not for the convenience of counsel. Appearance fees of the court reporter and the notary or other official presiding at the deposition, are taxable as costs, including travel, subsistence and postage for filing if the transcripts are required to be filed with the Court. Fees for nonparty deponents, including mileage and subsistence, are taxable at the same rate as for attendance at trial, where the deposition is a taxable cost under this subsection. A reasonable fee for the necessary use of an interpreter is also taxable.

Defendants' Motion for Summary Judgment of Non-Infringement which led to grant of judgment for Defendants relied on the deposition transcript of just one witness, Frederick Sayward. However, Defendants have claimed fees of $1144.50 for the depositions of Frederick Sayward and for Carlos Saldana; and $439.90 for the deposition of Irene Leskowicz.

Mr. Saldana's deposition was cited in *Plaintiffs'* opposition papers but were not relied on by *Defendants.*

Ms. Leskowicz's deposition was not used by either party in connection with the motion for summary judgment.

The Court has already ruled that it would allow the costs for depositions used in the motion for summary judgment. The only deposition used by Defendants was the deposition of Mr. Sayward. All other costs are improper and should be denied.

In particular, Defendants are still claiming the $190 "Real Time" fee for instantaneous transcription and $35 for an ASCII disk of the Sayward deposition (See Exhibit No. 3, Invoice No. 596). These expenses are for the convenience of counsel and should be denied, leaving a total of $750.00 for the Sayward deposition.

## Objection To Fees For Witness Travel and Subsistence.

Defendants request $785.41 for travel costs and $531 hotel fees incurred in connection with the deposition of Irene Leszkowitz. The Court has already denied these costs in its Ruling

re Resubmitted Bill of Costs [Dkt No 139]. The basis for the ruling was that the deposition was not used in connection with the Motion For Summary Judgment. Defendants re-argue the same claim for these costs and do not present any reason to alter the prior ruling.

As noted in Plaintiff's prior objections, Ms. Irene Leszkowitz was an expert witness for the Defendants who traveled from Canada to New York City for her deposition which was held at the offices of Defendant's counsel, Morrison & Foerster, New York, New York. The deposition was held in New York at the offices of Defendant's counsel for the convenience of Defendant's counsel. Plaintiff's counsel is located in Stamford Connecticut but the deposition was not held in Connecticut. Clearly the location of the deposition was selected for the convenience of Defendant's counsel.

Ms. Leszkowitz's deposition transcript was not relied on by Defendants in connection with the successful motion for summary judgment. Under Local Rules 54(c)(4)(i) and 54(c)(3), the deposition transcript and witness fees are no recoverable as costs. In the same way, the subsistence costs are not recoverable. See Local Rules 54(c)(4)(i) and (ii). Therefore, the request for travel and subsistence for Irene Leszkowitz should be denied.

**<u>Conclusion</u>**

Defendant's Bill of Costs should be limited to the already allowed:

Cost of Patent File Wrapper:    $278

Fees of the Clerk              $255;

plus one additional cost:

Deposition of Mr. Frederick Sayward:      $750

Respectfully submitted,

Feb. 24, 2006
Date

_____
Stephen P. McNamara - ct01220
ST.ONGE STEWARD JOHNSTON & REENS
986 Bedford Street
Stamford, CT  06905
Tel. (203) 324-6155
Attorneys for Plaintiffs

- 6 -

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing

### OBJECTION TO DEFENDANTS' SECOND RESUBMITTED BILL OF COSTS

is being served on February 24, 2006 by first class mail, postage prepaid, on the following counsel for defendants:

James Hough
Matthew D'Amore
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York  10104-0012


and

William H. Bright
McCarter & English, LLP
CityPlace 1, 185 Asylum Street
Hartford, Connecticut  06103


_2/24/06_
Date

_(signature)_

- 7 -