UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HENRY KORSZUN, ET AL<br>    Plaintiffs | :<br>:<br>: | |
| v. | :<br>: | CIVIL ACTION NO.<br>3-00-cv-327 (JCH) |
| PUBLIC TECHNOLOGIES<br>MULTIMEDIA, INC., ET AL<br>    Defendants | :<br>:<br>: | MARCH 15, 2006 |

**RULING RE: SECOND RESUBMITTED BILL OF COSTS (DOC. NO. 143)**

The defendants, having been successful on summary judgment, have submitted a Second Resubmitted Bill of Costs (Doc. No. 143) to the court for approval. Upon review of this Second Resubmitted Bill of Costs, the court allows the costs requested in part as follows:

The defendants seek costs of copies, in the amount of $1,272.80, which copying costs they claim were "associated" with defendants' summary judgment motion. However, the material submitted in support of this claim is unclear to the court. While some copies are claimed at the rate of $.21/page (which would seem to be a rate per page of copying), others are indicated at $886.57 as a "rate." There is no question that the defendants incurred costs in connection with attachments to their summary judgment motion. However, the court still does not know whether the costs claimed are those costs. The court will not sit and count the pages attached to the defendants' motion. Therefore, these costs are disallowed.

The defendants seek costs in connection with three depositions, that of Frederick Sayward, Carlos Saldana and Irene Leskowicz.

The deposition of Ms. Leskowicz was not used by either party in connection with the motion for summary judgment.  Therefore, it is not allowed as a cost.

The Saldana deposition was used by the defendants in connection with its Motion for Summary Judgment.  The deposition of Mr. Saldana was first cited by the plaintiffs, but the court allows it because the defendants clearly needed a copy in order to consider, and reply to, the arguments made by the plaintiffs in opposition to the Motion for Summary Judgment.

However, not all the costs claimed for the Saldana and Sayward depositions are allowed.  The costs for the Real Time fee and the ASCII disk (and related sales tax) is disallowed.  These costs were incurred for the convenience of defense counsel and were not necessary to obtaining a transcript of the deposition of Mr. Sayward.  Therefore, the costs allowed is $795.  While the court would permit the defendant to recover the costs of obtaining a transcript of Mr. Saldana's deposition, the invoice submitted is inadequate for the court to determine the appropriate amount to allow.  (The invoice suggests that part of the charge includes a cost for an ASCII disk.)  Thus, the court allows $795 for the deposition of Mr. Sayward.

The court having disallowed the deposition of Ms. Leskowicz as a recoverable cost, the request for travel and subsistence related to that deposition is also disallowed.

Accordingly, the court grants the defendants' Second Resubmitted Bill of Costs (Doc. No. 143) in part, and denies it in part.  The clerk is to allow further costs as follows:

1. Deposition of Frederick Sayward      $<u>795</u>

**TOTAL**      **$795**

The clerk is also directed to include in the judgment all statutory costs, including the filing fee of $255.

**SO ORDERED.**

  Dated at Bridgeport, Connecticut this 15th day of March, 2006.

            /s/ Janet C. Hall
            Janet C. Hall
            United States District Judge